IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:12-cv-00224-MR
[CRIMINAL CASE NO. 3:09-cr-00117-MR]

| | |
|---|---|
| JAMES FRANKLIN YARBOROUGH, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's letter dated April 5, 2012, which was construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1]; the Government's Motion to Dismiss [Doc. 7]; the Petitioner's Supplemental Motion to Vacate [Doc. 12]; the Government's Response in Opposition to the Supplemental Motion to Vacate [Doc. 22]; and the Petitioner's Reply in Support of the Supplemental Motion to Vacate [Doc. 24].

I. **BACKGROUND**

On July 10, 2009, the Petitioner was charged in a Bill of Information with possession a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:09-cr-00117 ("CR"), Doc. 1:

Bill of Information]. That same day, the Petitioner entered into a plea agreement with the Government, pursuant to which the Petitioner agreed to plead guilty to the felon-in-possession offense. In the plea agreement, the Government agreed not to seek an upward departure based on the Petitioner's two prior convictions for the same offense[1] and further agreed to recommend that the Petitioner's sentence run concurrently with his sentence for a supervised release violation conviction arising out of Criminal Case No. 3:04-cr-00097. [CR Doc. 2: Plea Agreement at 1, 3]. In the plea agreement, the Petitioner also agreed, "in exchange for the concessions made by the United States in [the] plea agreement," to "waive[ ] all rights to appeal or collaterally attack the sentence of conviction," with the exception of claims based on ineffective assistance of counsel or prosecutorial misconduct. [Id. at 6-7].

At a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this Court accepted Petitioner's guilty plea as knowingly and voluntarily entered. [CR Doc. 4: Acceptance of Guilty Plea at 5].

---

[1] The Petitioner previously had been convicted on two occasions in this Court for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), receiving sentences of 46 and 24 months' imprisonment, respectively. [Criminal Case Nos. 3:98-cr-00103-RLV and 3:04-cr-00097].

Prior to Petitioner's sentencing hearing, the probation officer prepared a Presentence Report ("PSR"). Based on a total offense level of 13 and a criminal history category of IV, the probation officer recommended a Guidelines range of 24 to 30 months' imprisonment. [CR Doc. 8: PSR at 17]. In the section of the PSR dedicated to the Petitioner's extensive criminal history, the probation officer noted that, at the time the PSR was prepared, the Petitioner had charges pending in North Carolina state court for assault with a deadly weapon with intent to kill or inflict serious injury, kidnaping, robbery, and assault on a government official, among others. [See id. at 9-10]. On April 5, 2010, this Court sentenced the Petitioner to 30 months' imprisonment, a sentence which was at the high end of the applicable Guideline range. [CR Doc. 13: Judgment at 2]. The Court also ordered that Petitioner's sentence would run concurrently to the sentence imposed upon the revocation of Petitioner's supervised release in Criminal Case No. 3:04-cr-00097-MOC, which judgment was entered the same day. [Id.]. The Petitioner did not appeal.

On April 9, 2012, the Court received a letter from the Petitioner, in which he requests that the Court clarify whether his sentence in Criminal Case No. 3:09-cr-00117 should have been ordered to run concurrently with a subsequently imposed state sentence. [Doc. 1]. The Court, with the

Honorable Max O. Cogburn, Jr. presiding, construed the Petitioner's motion as a motion to vacate under 28 U.S.C. § 2255 and directed the Government to respond to the Petitioner's allegations. [Doc. 2]. The Government responded and moved to dismiss the Petitioner's motion. [Docs. 6, 7].

The Petitioner, now represented by counsel, filed a supplemental motion to vacate on September 25, 2012. [Doc. 12]. In this supplemental motion, the Petitioner argues that pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*), his prior North Carolina conviction for possession of cocaine is no longer considered a felony and therefore, his conviction in Criminal Case No. 3:09-cr-00117 for possession of a firearm after having been convicted of a felony must be vacated. [Doc. 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer in order to determine whether an evidentiary hearing is warranted under Rule 8(a). Having considered the record in this matter,

the Court finds it is clear that Petitioner is not entitled to relief; therefore, an evidentiary hearing is not required. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Appellate Waiver

As noted above, the Petitioner explicitly waived his right to challenge his conviction or sentence, either on appeal or in a post-conviction proceeding, except for claims asserting ineffective assistance of counsel or prosecutorial misconduct. The Fourth Circuit has made clear that, as with a waiver of a right to appeal, a waiver of a right to collaterally challenge a defendant's sentence is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

In the present case, the Petitioner's claims fall squarely within the scope of the appellate waiver set forth in his plea agreement, and the Court has already found that the Petitioner knowingly and voluntarily entered his guilty plea pursuant to that agreement. Accordingly, the Court concludes that the Petitioner has waived his right to collaterally attack his sentence on

the grounds asserted, and his motion, as supplemented, should be dismissed.[2]

## B. Untimeliness

Even if the Petitioner's claims were not barred by the appellate waiver in his plea agreement, the Court concludes that his motion would still be subject to dismissal on the grounds of untimeliness.[3]

A motion to vacate pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitation, which runs from:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

---

[2] In its Response to the original Motion to Vacate, the Government argued that the Petitioner's motion should be dismissed because it is not verified as required by the Rules Governing Section 2255 Proceedings. The Petitioner subsequently filed an affidavit [Doc. 11] in support of his motion, in which he swears under penalty of perjury to the basic factual allegations contained in his motion, thereby rendering the Government's argument on this point moot.

[3] In Hill v. Braxton, the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a *pro-se* [petition or motion to vacate] to be untimely and the [respondent] has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal ... [a]bsent a sufficient explanation." 277 F.3d 701, 706 (4th Cir. 2002). Here, while the Petitioner initially filed a *pro se* motion, he later filed a supplemental motion to vacate through counsel. In this supplemental motion, counsel addresses the issue of timeliness. As such, the Court finds that no further notice or opportunity for a response is required for the Petitioner.

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, the Petitioner's judgment became final fourteen days after the entry of the Court's Judgment, when his time for filing a direct appeal expired. He therefore had until April 19, 2011 to file a motion pursuant to § 2255. The Petitioner's motion to vacate, however, was not mailed until April 6, 2012, nearly two years after his judgment became final. His motion therefore is untimely under § 2255(f)(1).

The Petitioner contends that his motion is nevertheless timely pursuant to § 2255(f)(3), because his original motion was filed within one year "the date on which the right asserted was recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). [See Doc. 12 at 7].

In the present case, the Petitioner seeks to have his federal sentence run concurrently with the state court sentence imposed after he was

7

sentenced by this Court, relying on Setser v. United States, 132 S.Ct. 1463 (2012). In Setser, the Supreme Court held that a district court acted within its discretion in ordering that a federal sentence run consecutively to a state sentence that was anticipated at the time of the federal sentencing proceeding but not yet imposed. Setser, 132 S. Ct. at 1473.

The Supreme Court's decision in Setser, however, does not create any substantive right that triggers the re-opening of the one-year statute of limitations under § 2255(f)(3). Nothing in the Setser decision either narrows the scope of a criminal statute, nor does the decision place a class of persons beyond the State's constitutional power to punish. See Schriro v. Summerlin, 542 U.S. 348, 352 (2004); Bousley v. United States, 523 U.S. 514, 520 (1998). Indeed, while the Court affirmed the district court's exercise of discretion, it is not even clear that Setser established a new procedural right insofar as the only procedural rights discussed therein, such as the right to have a district court consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence, were well established before Setser was decided. The Court simply held that a district court has the authority to decide how a federal sentence should be served vis-a-vis an anticipated state sentence. Because Setser did not create any new procedural or substantive right made retroactively applicable to cases on

collateral review, § 2255(f)(3) is inapplicable to the Petitioner. Therefore, his first claim must be dismissed as untimely.

The Petitioner's claim under Simmons fares no better. Simmons was a decision of the Fourth Circuit Court of Appeals, not the Supreme Court, and therefore, § 2255(f)(3) is inapplicable. To the extent that the Petitioner asserts that his claim is based not on Simmons but on the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the Fourth Circuit's decision in United States v. Powell, 691 F.3d 554 (4th Cir. 2012), makes clear that Carachuri-Rosendo does not apply retroactively to cases on collateral review. See id. at 559-60. Therefore, whether premised on Simmons or Carachuri-Rosendo, the Petitioner's second claim for relief is also untimely.

Even if the Petitioner's Simmons claim had been timely filed, he would not have been afforded any relief. Here, the Petitioner argues that, notwithstanding his two prior federal felony convictions for violations of § 922(g)(1), his most recent § 922(g)(1) conviction should be vacated under Simmons because he could not have received at least a year in prison for the North Carolina felony conviction that supported his first § 922(g)(1) conviction. The Fourth Circuit has squarely rejected this argument, however, "holding that any subsequently-realized invalidity of a predicate felony

conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm." United States v. Neal, 458 F. App'x 246, 248 (4th Cir. 2011) (citing United States v. Kahoe, 134 F.3d 1230, 1235 (4th Cir. 1998). Here, there is no dispute that the Petitioner's 2005 § 922(g)(1) conviction was both punishable by more than one year in prison and in effect when Petitioner committed the § 922(g)(1) offense that resulted in his 2010 conviction. Consequently, his most recent § 922(g)(1) conviction "is proper, notwithstanding the possible effects of Simmons on his previous conviction." Neal, 458 F. App'x at 248.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief. The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). The Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to

Vacate states a debatable claim of the denial of a constitutional right. <u>Slack</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 7] is **GRANTED**, and the Petitioner's Motion to Vacate [Doc. 1] and Supplemental Motion to Vacate [Doc. 12] are **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge